IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 APR -3  P 3: 57

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:07-CV-284-ID |
| TERESA L. PHILLIPS | ) |
| Defendant | ) |

## COMPLAINT

The Plaintiff, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, for cause of action alleges:

1. The United States brings this civil action under the Federal Debt Collection Procedures Act of 1990, Title 28, United States Code, Section 3001(a), and common law.

2. This Court has jurisdiction over this action by virtue of Title 28, United States Code, Section 1345.

3. That the defendant, Teresa L. Phillips, is a resident of the Middle District of Alabama.

4. That the defendant owes plaintiff the total sum of $11,156.94 ($4,206.28 principal, plus interest in the amount of $6,863.66, as of January 3, 2007), plus interest at the rate of 7.00 percent per annum thereafter until the date of judgment, according to the Certificate of Indebtedness and Promissory Note

attached hereto as Exhibits A, B, C, D, E, and F.

5.  Written demand has been made upon defendant for the amount of this claim, but defendant has failed and refused to make payment thereof.

Wherefore, plaintiff demands judgment against defendant in the amount of $11,156.94, plus interest at the rate of 7.00 percent per annum thereafter to the date of judgment, and interest at the legal rate from the date of judgment until paid in full, for cost of suit and other proper relief.

DATED April 2, 2007.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

By: _____
    R. RANDOLPH NEELEY
    Assistant United States Attorney
    BAR NO. 9083-E56R

Post Office Box 197
Montgomery, AL 36101
Telephone:  (334) 223-7280
Facsimile:  (334) 223-7201

# EXHIBIT A

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Teresa L. Phillips
AKA Teresa L. Scarborough, Teresa S. Wise
AKA Teresa S. Palmer, Teresa S. Phillips
AKA Teresa Palmer, Theresa S. Phillips
AKA Theresa Palmer
3361 Easley Dr.
Andalusia, AL. 36420
Account No.        7094

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 1/3/07.

On or about 3/7/79, 5/23/79, 9/25/79, 12/12/79 and 10/9/80, the borrower executed promissory note(s) to secure loan(s) of $1,000.00, $500.00, $921.00, $1,000.00 and $996.00 from First National Bank of Birmingham, Birmingham, AL. at the annual rate of 7.00% under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the notes(s), and credited $210.72 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 9/16/83, and the holder filed a claim on the guarantee.

Since assignment of the loan, the Department has received a total of $0.00 from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 4,206.28 |
| Interest: | $ 6,863.66 |
| Late Fees: | $     0.00 |
| Admin. Costs: | $    87.00 |
| Total debt as of 1/3/07: | $11,156.94 |

Interest accrues on the principal shown here at the rate of 7.00% per annum and a daily rate of $0.81.

CERTIFICATION: Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

1/29/07
Date

Name: _____
Loan Analyst
Litigation Branch
Senior Loan Analyst

A

# Exhibit B

001052-Ala 3/81 SS#

**DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE**

00-158879

...M (20 U.S.C. 1071 et seq)

| CITY | Birmingham |
| STATE | Alabama |

| (This date need not be included if it is the same as the date of the transaction.) | DATE FINANCE CHARGES BEGIN TO ACCRUE | AMOUNT FINANCED $ 992.02 | PREPAID FINANCE CHARGES (insurance premium) $ 7.98 | AMOUNT OF LOAN $ 1000 |

**ANNUAL PERCENTAGE RATE** → 
A) PRIOR TO BEGINNING OF REPAYMENT PERIOD: 1/4%
B) DURING REPAYMENT PERIOD: 7%

I, _Teresa L. Scarborough_, hereinafter called the "maker," promise to pay to _First National Bank of Birmingham_, hereinafter called the "lender," located at _P. O. Box 11007  Birmingham, Al. 35288_, the sum of $ _1000_ to the extent it is advanced to me, plus simple interest at the rate of _7%_ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government or by an escrow agent.

The maker and lender further understand and agree that:

I. The lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of the Act and the FEDERAL REGULATIONS pertaining to such Act, a copy of which is on file with the lender.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing _12_ months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION: The maker and lender, during the _12_ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the U.S. Commissioner of Education (hereinafter called the "Commissioner") in order to provide insurance coverage on this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in accordance with instructions issued by the Commissioner. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow agent account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to rebate of unearned interest computed by [X] the Sum of Digits Formula (rule of 78ths), [ ] other (identify) _____

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a half-time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days after the due date.

(8) The maker agrees that he will negotiate repayment of this note as outlined in paragraph II above not later than 120 days prior to the commencement of repayment period.

| SIGNATURE _Teresa L. Scarborough_ | ADDRESS _806 27th St · Apt 75  [illegible], Al. 3[illegible]_ | DATE _3/19/79_ |
| SIGNATURE | ADDRESS | DATE |
| phone# 345-3524 | Zip Code | |

NOTICE: This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

OE FORM 1164, 4/77

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

NAME: *S. The Ritchie*   DATE: 1-3-07

### BORROWER RIGHTS

1. The loan check must be made payable to the borrower and the educational institution jointly and require his/her endorsement.

2. If the lender transfers (e.g. sells) the loan and the right to receive payments, the borrower must be sent a clear notification which spells out the borrower's obligations to the new holder.

3. Borrowers have a right to Federal interest benefits, if qualified. For more information about interest benefits, check the instruction section of the application.

4. Lenders must provide the borrower with a copy of the completed promissory note.

5. Borrowers have a right to a 9 to 12 month "grace period" before repayment begins after the borrower has left school or is attending school less than half-time. The exact length of this period is indicated by the lender on the promissory note.

6. Borrowers have a right to prepay the loan without penalty. The borrower may, at any time, pay the loan balance and any interest due without being charged a penalty by the lender.

7. Borrowers have a right to deferment of repayment. Under deferment a borrower is not required to make payments on the loan principal for a period of time. The conditions that qualify a borrower for a deferment are listed in Section V(2) on the promissory note. Also, if the borrower qualified for Federal interest benefits while in school, he/she will not be required to pay interest on the loan during the deferment period.

8. Borrowers may request forbearance. If the borrower cannot meet his/her repayment schedule, he/she may request forbearance from the lender, under which the payments may be reduced for a specified period of time if it will assist the borrower in avoiding default.

9. The loan obligation will be canceled in the event of death or permanent and total disability. THIS LOAN CANNOT BE CANCELED OR "FORGIVEN" FOR DUTY IN THE MILITARY SERVICE OR FOR TEACHING IN SHORTAGE AREAS.

### BORROWER RESPONSIBILITIES

1. The borrower must use care in choosing a school. All schools must provide information to prospective students about the school's programs and performance. Borrowers should consider this information carefully before deciding to attend a school.

2. The borrower must arrange with the lender to pay the interest on the loan if he/she does not qualify for Federal interest benefits. Interest benefits are explained in the instruction section of the application booklet.

3. The borrower must notify the lender if any of the following occurs before the loan is repaid.
   A. graduation
   B. withdrawal from school or less than half-time attendance
   C. changes of address

4. The borrower should notify the lender if any of the following occurs before the loan is repaid.
   A. name changes (e.g., maiden name to married name)
   B. transfers to other schools

5. The borrower must repay the loan in accordance with the repayment schedule. More detailed information about the repayment terms are listed in Sections II and V of the promissory note.

6. The borrower must notify the lender of any occurrence which may affect the borrower's eligibility for a deferment if the borrower is under deferment of repayment.

By my signature below I CERTIFY that I have read and discussed my rights and responsibilities listed above with the lender.

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to The United States of America

3/7/79

*Teresa L Scarborough*
Signature of Borrower

3-13-84

*John Q. Goodwin*
JOHN Q. GOODWIN
EDUCATIONAL LOAN OFFICER

Date

U.S. GOVERNMENT PRINTING OFFICE : 1977 O - 236-861

# EXHIBIT C

**DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE**
**OFFICE OF EDUCATION**
**WASHINGTON, D.C. 20202**
**PROMISSORY NOTE**
**FEDERAL INSURED STUDENT LOAN PROGRAM (20 U.S.C. 1071 et seq)**

CITY: Birmingham
STATE: Alabama

| (This date need not be included if it is the same as the date of the transaction.) | DATE FINANCE CHARGES BEGIN TO ACCRUE | AMOUNT FINANCED $494.96 | PREPAID FINANCE CHARGES (Insurance premium) $5.04 | AMOUNT OF LOAN $500 |

ANNUAL PERCENTAGE RATE →
A) PRIOR TO BEGINNING OF REPAYMENT PERIOD: 1/4%
B) DURING REPAYMENT PERIOD: 7%

I, _Teresa L. Scarborough_, hereinafter called the "maker," promise to pay to

First National Bank of Birmingham, hereinafter called the "lender," located at

P. O. Box 11007  Birmingham, Al.  35288, the sum of $500 to the extent it is advanced to me, plus simple interest at the rate of __7%__ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government or by an escrow agent.

The maker and lender further understand and agree that:

I. The lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of the Act and the FEDERAL REGULATIONS pertaining to such Act, a copy of which is on file with the lender.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing __12__ months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION: The maker and lender, during the __12__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the U.S. Commissioner of Education (hereinafter called the "Commissioner") in order to provide insurance coverage on this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in accordance with instructions issued by the Commissioner. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow agent account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to rebate of unearned interest computed by [X] the Sum of Digits Formula (rule of 78ths), [ ] other (identify) _____

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a half-time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days after the due date.

(8) The maker agrees that he will negotiate repayment of this note as outlined in paragraph II above not later than 120 days prior to the commencement of repayment period.

SIGNATURE: _Teresa L. Scarborough_
ADDRESS: 800 27th St  Apt 20
DATE: 5/23/79

SIGNATURE: _____ 375-3504
ADDRESS: _____ 35401

NOTICE: This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

OE FORM 1164, 4/77

Form 500361

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

S. The Ritchie       1-3-07
NAME                  DATE

### BORROWER RIGHTS

1. The loan check must be made payable to the borrower and the educational institution jointly and require his/her endorsement.

2. If the lender transfers (e.g. sells) the loan and the right to receive payments, the borrower must be sent a clear notification which spells out the borrower's obligations to the new holder.

3. Borrowers have a right to Federal interest benefits, if qualified. For more information about interest benefits, check the instruction section of the application.

4. Lenders must provide the borrower with a copy of the completed promissory note.

5. Borrowers have a right to a 9 to 12 month "grace period" before repayment begins after the borrower has left school or is attending school less than half-time. The exact length of this period is indicated by the lender on the promissory note.

6. Borrowers have a right to prepay the loan without penalty. The borrower may, at any time, pay the loan balance and any interest due without being charged a penalty by the lender.

7. Borrowers have a right to deferment of repayment. Under deferment a borrower is not required to make payments on the loan principal for a period of time. The conditions that qualify a borrower for a deferment are listed in Section V(2) on the promissory note. Also, if the borrower qualified for Federal interest benefits while in school, he/she will not be required to pay interest on the loan during the deferment period.

8. Borrowers may request forbearance. If the borrower cannot meet his/her repayment schedule, he/she may request forbearance from the lender, under which the payments may be reduced for a specified period of time if it will assist the borrower in avoiding default.

9. The loan obligation will be canceled in the event of death or permanent and total disability. THIS LOAN CANNOT BE CANCELED OR "FORGIVEN" FOR DUTY IN THE MILITARY SERVICE OR FOR TEACHING IN SHORTAGE AREAS.

### BORROWER RESPONSIBILITIES

1. The borrower must use care in choosing a school. All schools must provide information to prospective students about the school's programs and performance. Borrowers should consider this information carefully before deciding to attend a school.

2. The borrower must arrange with the lender to pay the interest on the loan if he/she does not qualify for Federal interest benefits. Interest benefits are explained in the instruction section of the application booklet.

3. The borrower must notify the lender if any of the following occurs before the loan is repaid.
   A. graduation
   B. withdrawal from school or less than half-time attendance
   C. changes of address

4. The borrower should notify the lender if any of the following occurs before the loan is repaid.
   A. name changes (e.g., maiden name to married name)
   B. transfers to other schools

5. The borrower must repay the loan in accordance with the repayment schedule. More detailed information about the repayment terms are listed in Sections II and V of the promissory note.

6. The borrower must notify the lender of any occurrence which may affect the borrower's eligibility for a deferment if the borrower is under deferment of repayment.

**By my signature below I CERTIFY that I have read and discussed my rights and responsibilities listed above with the lender.**

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to The United States of America

_Teresa L. Scarborough_                    5/23/79
Signature of Borrower                       Date

3-13-84   JOHN Q. GOODWIN
_John Q. Goodwin_    EDUCATIONAL LOAN OFFICER

U. S. GOVERNMENT PRINTING OFFICE : 1977 O - 236-861

# EXHIBIT D

**DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE**
**OFFICE OF EDUCATION**
**WASHINGTON, D.C. 20202**

**PROMISSORY NOTE**
**FEDERAL INSURED STUDENT LOAN PROGRAM (20 U.S.C. 1071 et seq)**

CITY: Birmingham
STATE: Alabama

(This date need not be included if it is the same as the date of the transaction.)

| DATE FINANCE CHARGES BEGIN TO ACCRUE | AMOUNT FINANCED | PREPAID FINANCE CHARGES (Insurance premium) | AMOUNT OF LOAN |
|---|---|---|---|
|  | $912.49 | $8.51 | $921.00 |

ANNUAL PERCENTAGE RATE →
A) PRIOR TO BEGINNING OF REPAYMENT PERIOD: 1/4%
B) DURING REPAYMENT PERIOD: 7%

I, **Teresa L. Scarbrough**, hereinafter called the "maker," promise to pay to **First National Bank of Birmingham**, hereinafter called the "lender," located at **P. O. Box 11007 Birmingham, Al. 35288**, the sum of $ **921** to the extent it is advanced to me, plus simple interest at the rate of **7%** percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government or by an escrow agent.

The maker and lender further understand and agree that:

I. The lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of the Act and the FEDERAL REGULATIONS pertaining to such Act, a copy of which is on file with the lender.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing **12** months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION: The maker and lender, during the **12** month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the U.S. Commissioner of Education (hereinafter called the "Commissioner") in order to provide insurance coverage on this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in accordance with instructions issued by the Commissioner. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow agent account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to rebate of unearned interest computed by ☒ the Sum of Digits Formula (rule of 78ths), ☐ other (identify) _____

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a half-time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days after the due date.

(8) **The maker agrees that he will negotiate repayment of this note as outlined in paragraph II above not later than 120 days prior to the commencement of repayment period.**

| SIGNATURE | ADDRESS | DATE |
|---|---|---|
| X Teresa L. Scarbrough | X 800 27th St. Apt 2e Tuscaloosa | X 9/25/79 |
| SIGNATURE | ADDRESS | DATE |
| Phone 345-3504 | | |

NOTICE: This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

OE FORM 1164, 4/77

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

*S. McRitchie*     1-3-07
NAME                    DATE

### BORROWER RIGHTS

1. The loan check must be made payable to the borrower and the educational institution jointly and require his/her endorsement.

2. If the lender transfers (e.g. sells) the loan and the right to receive payments, the borrower must be sent a clear notification which spells out the borrower's obligations to the new holder.

3. Borrowers have a right to Federal interest benefits, if qualified. For more information about interest benefits, check the instruction section of the application.

4. Lenders must provide the borrower with a copy of the completed promissory note.

5. Borrowers have a right to a 9 to 12 month "grace period" before repayment begins after the borrower has left school or is attending school less than half-time. The exact length of this period is indicated by the lender on the promissory note.

6. Borrowers have a right to prepay the loan without penalty. The borrower may, at any time, pay the loan balance and any interest due without being charged a penalty by the lender.

7. Borrowers have a right to deferment of repayment. Under deferment a borrower is not required to make payments on the loan principal for a period of time. The conditions that qualify a borrower for a deferment are listed in Section V(2) on the promissory note. Also, if the borrower qualified for Federal interest benefits while in school, he/she will not be required to pay interest on the loan during the deferment period.

8. Borrowers may request forbearance. If the borrower cannot meet his/her repayment schedule, he/she may request forbearance from the lender, under which the payments may be reduced for a specified period of time if it will assist the borrower in avoiding default.

9. The loan obligation will be canceled in the event of death or permanent and total disability. THIS LOAN CANNOT BE CANCELED OR "FORGIVEN" FOR DUTY IN THE MILITARY SERVICE OR FOR TEACHING IN SHORTAGE AREAS.

### BORROWER RESPONSIBILITIES

1. The borrower must use care in choosing a school. All schools must provide information to prospective students about the school's programs and performance. Borrowers should consider this information carefully before deciding to attend a school.

2. The borrower must arrange with the lender to pay the interest on the loan if he/she does not qualify for Federal interest benefits. Interest benefits are explained in the instruction section of the application booklet.

3. The borrower must notify the lender if any of the following occurs before the loan is repaid.
    A. graduation
    B. withdrawal from school or less than half-time attendance
    C. changes of address

4. The borrower should notify the lender if any of the following occurs before the loan is repaid.
    A. name changes (e.g., maiden name to married name)
    B. transfers to other schools

5. The borrower must repay the loan in accordance with the repayment schedule. More detailed information about the repayment terms are listed in Sections II and V of the promissory note.

6. The borrower must notify the lender of any occurrence which may affect the borrower's eligibility for a deferment if the borrower is under deferment of repayment.

**By my signature below I CERTIFY that I have read and discussed my rights and responsibilities listed above with the lender.**

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to The United States of America

*Teresa L. Scarborough*          9/25/79
Signature of Borrower              Date

3-13-84
JOHN Q. GOODWIN
EDUCATIONAL OFFICE

# EXHIBIT E

**DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE**
**OFFICE OF EDUCATION**
WASHINGTON, D.C. 20202
**PROMISSORY NOTE**
**FEDERAL INSURED STUDENT LOAN PROGRAM (20 U.S.C. 1071 et seq.)**

| | | | |
|---|---|---|---|
| CITY | Birmingham | | |
| STATE | Alabama | | |
| DATE FINANCE CHARGES BEGIN TO ACCRUE | AMOUNT FINANCED $991.39 | PREPAID FINANCE CHARGES (Insurance premium) $8.61 | AMOUNT OF LOAN $1000 |
| ANNUAL PERCENTAGE RATE | | A) PRIOR TO BEGINNING OF REPAYMENT PERIOD 1/4% | B) DURING REPAYMENT PERIOD 7% |

I, **Teresa L Scarborough**, hereinafter called the "maker," promise to pay to **First National Bank of Birmingham**, hereinafter called the "lender," located at **P. O. Box 11007  Birmingham, Al. 35288**, the sum of $ **1000** to the extent it is advanced to me, plus simple interest at the rate of **7%** percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government or by an escrow agent.

The maker and lender further understand and agree that:

I. The lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of the Act and the FEDERAL REGULATIONS pertaining to such Act, a copy of which is on file with the lender.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing **12** months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION: The maker and lender, during the **12** month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the U.S. Commissioner of Education (hereinafter called the "Commissioner") in order to provide insurance coverage on this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in accordance with instructions issued by the Commissioner. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow agent account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to rebate of unearned interest computed by ☒ the Sum of Digits Formula (rule of 78ths), ☐ other (identify) _____

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a half-time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days after the due date.

(8) The maker agrees that he will negotiate repayment of this note as outlined in paragraph II above not later than 120 days prior to the commencement of repayment period.

SIGNATURE: *Teresa L. Scarborough*    ADDRESS: 800 27th St #20 Tuscaloosa, Al. 35401    DATE: 12/12/79

NOTICE: This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

OE FORM 1164, 4/77

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

**I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE EXACT COPY OF THE ORIGINAL PROMISSORY NOTE**

NAME _S. McKitchie_    DATE _1-3-07_

### BORROWER RIGHTS

1. The loan check must be made payable to the borrower and the educational institution jointly and require his/her endorsement.
2. If the lender transfers (e.g. sells) the loan and the right to receive payments, the borrower must be sent a clear notification which spells out the borrower's obligations to the new holder.
3. Borrowers have a right to Federal interest benefits, if qualified. For more information about interest benefits, check the instruction section of the application.
4. Lenders must provide the borrower with a copy of the completed promissory note.
5. Borrowers have a right to a 9 to 12 month "grace period" before repayment begins after the borrower has left school or is attending school less than half-time. The exact length of this period is indicated by the lender on the promissory note.
6. Borrowers have a right to prepay the loan without penalty. The borrower may, at any time, pay the loan balance and any interest due without being charged a penalty by the lender.
7. Borrowers have a right to deferment of repayment. Under deferment a borrower is not required to make payments on the loan principal for a period of time. The conditions that qualify a borrower for a deferment are listed in Section V(2) on the promissory note. Also, if the borrower qualified for Federal interest benefits while in school, he/she will not be required to pay interest on the loan during the deferment period.
8. Borrowers may request forbearance. If the borrower cannot meet his/her repayment schedule, he/she may request forbearance from the lender, under which the payments may be reduced for a specified period of time if it will assist the borrower in avoiding default.
9. The loan obligation will be canceled in the event of death or permanent and total disability. THIS LOAN CANNOT BE CANCELED OR "FORGIVEN" FOR DUTY IN THE MILITARY SERVICE OR FOR TEACHING IN SHORTAGE AREAS.

### BORROWER RESPONSIBILITIES

1. The borrower must use care in choosing a school. All schools must provide information to prospective students about the school's programs and performance. Borrowers should consider this information carefully before deciding to attend a school.
2. The borrower must arrange with the lender to pay the interest on the loan if he/she does not qualify for Federal interest benefits. Interest benefits are explained in the instruction section of the application booklet.
3. The borrower must notify the lender if any of the following occurs before the loan is repaid.
   A. graduation
   B. withdrawal from school or less than half-time attendance
   C. changes of address
4. The borrower should notify the lender if any of the following occurs before the loan is repaid.
   A. name changes (e.g., maiden name to married name)
   B. transfers to other schools
5. The borrower must repay the loan in accordance with the repayment schedule. More detailed information about the repayment terms are listed in Sections II and V of the promissory note.
6. The borrower must notify the lender of any occurrence which may affect the borrower's eligibility for a deferment if the borrower is under deferment of repayment.

**By my signature below I CERTIFY that I have read and discussed my rights and responsibilities listed above with the lender.**

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to The United States of America

_Teresa L. Scarborough_    _12/12/79_
Signature of Borrower    Date

_3-13-84_
_John Q. Goodwin_    JOHN Q. GOODWIN
EDUCATIONAL LOAN OFFICER

AmSouth Bank N.A.

U. S. GOVERNMENT PRINTING OFFICE : 1977 O - 236-861

# EXHIBIT

# F

**DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE**
**OFFICE OF EDUCATION**
**WASHINGTON, D.C. 20202**
**PROMISSORY NOTE**
**FEDERAL INSURED STUDENT LOAN PROGRAM** (20 U.S.C. 1071 et seq.)

| CITY | Birmingham | 8-15-80 |
|---|---|---|
| STATE | Alabama | 12-15-80 |

| (This date need not be included if it is the same as the date of the transaction.) | DATE FINANCE CHARGES BEGIN TO ACCRUE | AMOUNT FINANCED $988.89 | PREPAID FINANCE CHARGES (Insurance premium) $7.11 | AMOUNT OF LOAN $996 |
|---|---|---|---|---|

| ANNUAL PERCENTAGE RATE | A) PRIOR TO BEGINNING OF REPAYMENT PERIOD 1/4% | B) DURING REPAYMENT PERIOD 7% |
|---|---|---|

I, __Teresa L. Scarborough_____, hereinafter called the "maker," promise to pay to

__First National Bank of Birmingham_____, hereinafter called the "lender," located at

__P. O. Box 11007 Birmingham, Al. 35288_____, the sum of $ __996__ to the extent it is

advanced to me, plus simple interest at the rate of __7%__ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government or by an escrow agent.

The maker and lender further understand and agree that:

I. The lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of the Act and the FEDERAL REGULATIONS pertaining to such Act, a copy of which is on file with the lender.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing __12__ months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION: The maker and lender, during the __12__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the U.S. Commissioner of Education (hereinafter called the "Commissioner") in order to provide insurance coverage on this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in accordance with instructions issued by the Commissioner. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow agent account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to rebate of unearned interest computed by ☒ the Sum of Digits Formula (rule of 78ths), ☐ other (identify) _____

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a half-time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days after the due date.

(8) The maker agrees that he will negotiate repayment of this note as outlined in paragraph II above not later than 120 days prior to the commencement of repayment period.

| SIGNATURE _Teresa A. Wise_ | ADDRESS 800 27th St. #20 | DATE 10-9-80 |
|---|---|---|
| SIGNATURE 249-2199 | ADDRESS City Tuscaloosa Al 35401 | DATE |

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

S. McKitchu    1-3-07

NAME    DATE

### BORROWER RIGHTS

1. The loan check must be made payable to the borrower and mailed to the Educational Institution for disbursement.
2. If the lender transfers (e.g. sells) the loan and the right to receive payments, the borrower must be sent a clear notification which spells out the borrower's obligations to the new holder.
3. Borrowers have a right to Federal interest benefits, if qualified. For more information about interest benefits, check the instruction section of the application.
4. Lenders must provide the borrower with a copy of the completed promissory note.
5. Borrowers have a right to a 9 to 12 month "grace period" before repayment begins after the borrower has left school or is attending school less than half-time. The exact length of this period is indicated by the lender on the promissory note.
6. Borrowers have a right to prepay the loan without penalty. The borrower may, at any time, pay the loan balance and any interest due without being charged a penalty by the lender.
7. Borrowers have a right to deferment of repayment. Under deferment a borrower is not required to make payments on the loan principal for a period of time. The conditions that qualify a borrower for a deferment are listed in Section V(2) on the promissory note. Also, if the borrower qualified for Federal interest benefits while in school, he/she will not be required to pay interest on the loan during the deferment period.
8. Borrowers may request forbearance. If the borrower cannot meet his/her repayment schedule, he/she may request forbearance from the lender, under which the payments may be reduced for a specified period of time if it will assist the borrower in avoiding default.
9. The loan obligation will be canceled in the event of death or permanent and total disability. THIS LOAN CANNOT BE CANCELED OR "FORGIVEN" FOR DUTY IN THE MILITARY SERVICE OR FOR TEACHING IN SHORTAGE AREAS.

### BORROWER RESPONSIBILITIES

1. The borrower must use care in choosing a school. All schools must provide information to prospective students about the school's programs and performance. Borrowers should consider this information carefully before deciding to attend a school.
2. The borrower must arrange with the lender to pay the interest on the loan if he/she does not qualify for Federal interest benefits. Interest benefits are explained in the instruction section of the application booklet.
3. The borrower must notify the lender if any of the following occurs before the loan is repaid.
   A. graduation
   B. withdrawal from school or less than half-time attendance
   C. changes of address
4. The borrower should notify the lender if any of the following occurs before the loan is repaid.
   A. name changes (e.g., maiden name to married name)
   B. transfers to other schools
5. The borrower must repay the loan in accordance with the repayment schedule. More detailed information about the repayment terms are listed in Sections II and V of the promissory note.
6. The borrower must notify the lender of any occurrence which may affect the borrower's eligibility for a deferment if the borrower is under deferment of repayment.

**By my signature below I CERTIFY that I have read and discussed my rights and responsibilities listed above with the lender.**

X Teresa S. Wise

Signature of Borrower

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to The United States of America

10-9-80

Date

CLAIM NO 004870899    SSN 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    10 1

JOHN C. GOODWIN
EDUCATIONAL LOAN OFFICER
3-13-84